UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SALLY FIGUEIREDO,

    Plaintiff,

    v.

AURORA LOAN, et al.,

    Defendants.

_____/

No. C 09-4784 PJH

**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS**

Plaintiff's motion to remand and defendant's motion to dismiss the underlying complaint came on for hearing before the court on December 16, 2009. Plaintiff, Sally Figueiredo, appeared through her counsel, Jonathan Fried. Defendant Aurora Loan Services, LLC ("Aurora") appeared through its counsel, Robert M. Shaw. Having read all the papers submitted and carefully considered the relevant legal authority, the court hereby DENIES plaintiff's motion to remand and GRANTS defendant's motion to dismiss, for the reasons stated at the hearing, and summarized as follows:

    1.    Defendant's Notice of Removal was timely and properly filed on October 7, 2009. Plaintiff correctly notes that Aurora filed a second notice of removal several days later; however, Aurora did so inadvertently, after it mistakenly engaged two different defense counsel. Aurora promptly withdrew the second notice of removal as soon as it discovered the error, thereby curing any procedural defect occasioned by the filing of the second notice. As such, the October 7 removal notice was timely.

    It was also proper, since defendant has stated an adequate basis upon which to exercise federal jurisdiction pursuant to 28 U.S.C. § 1332. It is true that the presence of named defendant Cal-Western Reconveyance Corporation ("Cal-Western"), a California

entity, would normally destroy diversity jurisdiction under § 1332.  However, the filing of Cal-Western's declaration of non-monetary status in state court on October 6 transformed Cal-Western into a nominal party whose citizenship is disregarded for purposes of assessing diversity jurisdiction.  See Cal. Civil Code § 29241l(d); see also Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980)("[a] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy").  To the extent plaintiff contends that her filed objection to the declaration of non-monetary status precludes treating Cal-Western as a nominal party, plaintiff's objection was untimely and improperly filed in state court, well after the filing of defendant's notice of removal.  Since there is no valid objection pending, and the remaining parties are diverse, section 1332 is accordingly satisfied, and the motion to remand is DENIED.

      2.    Turning to the substance of plaintiff's various claims and defendant's dismissal arguments thereon, each cause of action ultimately fails to state a legally cognizable claim.  First, plaintiff's negligence claim fails because plaintiff has not alleged the requisite elements of a negligence claim, nor has she cited to any legal authority supporting the viability of a negligence claim by a home owner against a loan servicer. See, e.g., Artiglio v. Corning Inc., 18 Cal.4th 604, 614 (1998).  Second, plaintiff's fraud cause of action must be dismissed for failure to allege the common law elements of fraud in accordance with Rule 9(b)'s heightened pleading requirements.  See, e.g., Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  Third, plaintiff's breach of contract claim fails to plead the existence of any agreement, or valid contractual relationship between plaintiff and Aurora.  In addition, plaintiff's claim alleging an undefined "intentional tort" fails because it is vague, overly broad, and fails to set forth the nature of any conduct alleged against defendant specifically.  See Fed. R. Civ. P 8(a)(2) (requiring short and plan statement); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(requiring that plaintiff's allegations give the defendant "fair notice of the claim and the grounds upon which it rests").  Finally, plaintiff's claim under the California Foreclosure Prevention Act

("CFPA") is deficient in view of the fact that Aurora applied for and received an exemption under the statute on June 29, 2009 – a date that predated the notice of sale in this case, dated August 24, 2009.  Since plaintiff has not otherwise submitted any authority that supports the imposition of liability upon Aurora pursuant to the CFPA, § Civil Code § 2923.52, the claim accordingly fails.

For the foregoing reasons, defendant's motion to dismiss plaintiff's claims is GRANTED.  Although doubtful whether alternative allegations could save plaintiff's claims, the court grants plaintiff leave to amend the complaint, in order to attempt to cure the deficiencies noted above.  To that end, a first amended complaint shall be filed no later than January 15, 2009, and defendant's response thereto shall be filed within 20 days of the filing of the amended complaint.

Last, although not addressed in detail by either party at the hearing (and accordingly not relied upon by the court here), the court furthermore notes that defendant's preemption arguments – raised in defendant's motion papers – make several notable points, the validity of which defendant may wish to revisit, in the event plaintiff files a first amended complaint.

**IT IS SO ORDERED.**

Dated:  December 22, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge