UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALLY FIGUEIREDO,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>AURORA LOAN, et al.,<br><br>　　　　Defendant(s). | No. C 09-4784 BZ<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

　　　Before the Court is defendant's motion to dismiss plaintiff's first amended complaint ("complaint") under Federal Rule of Civil Procedure 12(b)(6) and to expunge a lis pendens under California Code of Civil Procedure Section 405.31.  The complaint fails to address several threshold issues.  Finding no need for oral argument, defendant's motion to dismiss is **GRANTED** with leave to amend **IN PART** and **GRANTED** without leave to amend **IN PART**.  Defendant's motion to expunge the lis pendens is **DENIED WITHOUT PREJUDICE.**

　　　The complaint alleges five causes of action: (1) violation of California Civil Code § 2923.5; (2) fraud; (3) intentional misrepresentation; (4) violation of California

1

1  Civil Code § 2323.6; and (5) violation of California Civil
2  Code § 1572.[1]  Plaintiff originally sought modification of a
3  mortgage secured by a piece of residential property.  Since
4  plaintiff filed this complaint, the property has been sold at
5  a trustee's sale.
6      Plaintiff's first cause of action suffers from at least
7  one basic defect.  Section 2923.5 of the Civil Code only
8  applies to "mortgages or deeds of trust recorded from January
9  1, 2003, to December 31, 2007, inclusive, that are secured by
10 *owner-occupied* residential real property . . . .
11 'owner-occupied' means that the residence is the principal
12 residence of the borrower as indicated to the lender in loan
13 documents."  Cal. Civ. Code § 2923.5(i) (emphasis added).  The
14 complaint does not allege that the subject piece of property
15 was ever "owner-occupied."  Defendant pointed out this defect
16 in its motion to dismiss.  Motion at 3.
17     Plaintiff, in her opposition, does not counter this
18 argument and instead asks the court to presume that the
19 property was owner-occupied simply because she "alleged that
20 she is protected under" the statute.  Opp. at 5.  This is too
21 much of a bootstrap.  Plaintiff's failure to allege whether
22 the property was owner-occupied can be solved by simply
23 stating so in the complaint.  It is plaintiff's obligation to
24 plead facts sufficient to state a plausible claim for relief.
25 _____

26     [1]   As filed, plaintiff's first amended complaint omits
   pages 11-14.  Doc. No. 20.  Defendant's motion does not address
27 any of the causes of action contained in the missing pages,
   including the second and third causes of action.  Plaintiff re-
28 filed the complete complaint after this motion was fully
   briefed.  Doc. No. 35.

2

See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009).  The Court will not presume facts that plaintiff failed to allege in order to defeat a motion to dismiss.  If plaintiff cannot allege that the property was owner-occupied consistent with her obligations under Rule 11, then plaintiff cannot state a cause of action under Section 2923.5.

Defendant's preemption argument and other challenges to the first cause of action are best resolved after plaintiff addresses the Court's concern about owner-occupancy.

Plaintiff's fourth cause of action for violation of Section 2923.6 of the Civil Code fails because that section does not provide a private right of action to borrowers.  See Reynoso v. Chase Home Finance, 2009 WL 5069140, *4-5 (N.D.Cal 2009) and cases collected therein.  Plaintiff has not cited, and this Court has not found, a single case holding that a borrower has a private right of action under this section.  This cause of action is **DISMISSED WITHOUT LEAVE TO AMEND.**

The fifth cause of action under Civil Code Section 1572 presents the same problem as the second and third causes of action.  Plaintiff argues that this cause of action incorporates paragraphs 32-50 and 63-69 of the complaint.  Paragraphs 32-50 were not included in the operative version of the complaint.

**IT IS ORDERED** that defendant's motion to dismiss is **GRANTED WITHOUT LEAVE TO AMEND** as to plaintiff's **FOURTH** cause of action.  Defendant's motion is **GRANTED WITH LEAVE TO AMEND** as to the remaining causes of action.  Plaintiff **SHALL** file an amended complaint by **MARCH 25, 2010**. Defendant's motion to

3

1  expunge the lis pendens is **DENIED WITHOUT PREJUDICE** to being
2  renewed if defendant moves to dismiss plaintiff's amended
3  complaint.  The hearing scheduled for **MARCH 17, 2010** is
4  **VACATED.**
5  Dated: March 15, 2010

                                               Bernard Zimmerman
                                  United States Magistrate Judge

8  G:\BZALL\-BZCASES\FIGUEIREDO V. AURORA LOAN\DISM ORD.wpd