UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALLY FIGUEIREDO,<br>　　　Plaintiff(s),<br>　v.<br>AURORA LOAN, et al.,<br>　　　Defendant(s). | No. C 09-4784 BZ<br><br>**ORDER SCHEDULING JURY TRIAL AND PRETRIAL MATTERS** |

　　　Following the Case Management Conference, **IT IS HEREBY ORDERED** that the Case Management Statement is adopted, except as expressly modified by this Order.  It is further **ORDERED** that:

1.　DATES

Trial Date: **Monday, 3/7/2011, 5 days**

Pretrial Conference: **Tuesday, 2/15/2011, 4:00 p.m.**

Last Day to Hear Dispositive Motions: **Wednesday, 12/15/2010**

Last Day for Expert Discovery: **Friday, 11/5/2010**

Last Day for Rebuttal Expert Disclosure: **Friday, 10/29/2010**

Last Day for Expert Disclosure: **Friday, 10/22/2010**

Close of Non-expert Discovery: **Friday, 10/15/2010**

1

Rule 26 Disclosures Due: **Thursday, 4/1/2010**

2. <u>DISCLOSURE AND DISCOVERY</u>

The parties are reminded that a failure to voluntarily disclose information pursuant to Federal Rule of Civil Procedure 26(a) or to supplement disclosures or discovery responses pursuant to Rule 26(e) may result in exclusionary sanctions.  Thirty days prior to the close of non-expert discovery, lead counsel for each party shall serve and file a certification that all supplementation has been completed.

In the event a discovery dispute arises, **lead counsel** for each party shall meet in person or, if counsel are outside the Bay Area, by telephone and make a good faith effort to resolve their dispute.  Exchanging letters or telephone messages about the dispute is insufficient.  The Court does not read subsequent positioning letters; parties shall instead make a contemporaneous record of their meeting using a tape recorder or a court reporter.

In the event they cannot resolve their dispute, the parties must participate in a telephone conference with the Court **before** filing any discovery motions or other papers. The party seeking discovery shall request a conference in a letter filed electronically not exceeding two pages (with no attachments) which briefly explains the nature of the action and the issues in dispute.  Other parties shall reply in similar fashion within two days of receiving the letter requesting the conference.  The Court will contact the parties to schedule the conference.

3. <u>MOTIONS</u>

2

Consult Civil Local Rules 7-1 through 7-5 and this Court's standing orders regarding motion practice.  Motions for **summary judgment** shall be accompanied by a statement of the material facts not in dispute supported by citations to admissible evidence.  The parties shall file a joint statement of undisputed facts where possible.  If the parties are unable to reach complete agreement after meeting and conferring, they shall file a joint statement of the undisputed facts about which they do agree.  Any party may then file a separate statement of the additional facts that the party contends are undisputed.  A party who without substantial justification contends that a fact is in dispute is subject to sanctions.

In addition to **lodging** a Chambers copy of all papers, a copy of all briefs shall be e-mailed in WordPerfect or Word format to the following address: bzpo@cand.uscourts.gov.

4.   MEDIATION

By agreement of the parties, this matter has been referred to the ADR Department for a Mediation to be conducted **within 90 days**, if possible.  The parties shall promptly notify the Court whether the case is resolved at the Mediation.

5.   SETTLEMENT

This case is referred for assignment to a Magistrate Judge to conduct a settlement conference in **OCTOBER or NOVEMBER of 2010** in the event the case is not resolved at the Mediation.  Counsel will be contacted by that judge's chambers with a date and time for the conference.

6.   PRETRIAL CONFERENCE

3

1    Not less than thirty days prior to the date of the
2 pretrial conference, the parties shall meet and take all steps
3 necessary to fulfill the requirements of this Order.
4    Not less than twenty-one days prior to the pretrial
5 conference, the parties shall: (1) serve and file a joint
6 pretrial statement, containing the information listed in
7 **Attachment 1**, and a proposed pretrial order; (2) serve and
8 file trial briefs, <u>Daubert</u> motions, motions *in limine*, and
9 statements designating excerpts from discovery that will be
10 offered at trial (specifying the witness and page and line
11 references); (3) exchange exhibits, agree on and number a
12 joint set of exhibits and number separately those exhibits to
13 which the parties cannot agree; (4) deliver all marked trial
14 exhibits directly to the courtroom clerk, Ms. Yiu; (5) deliver
15 one <u>extra</u> set of all marked exhibits directly to Chambers; and
16 (6) submit all exhibits in three-ring binders.  Each exhibit
17 shall be marked with an exhibit label as contained in
18 **Attachment 2**.  The exhibits shall also be separated with
19 correctly marked side tabs so that they are easy to find.
20    No party shall be permitted to call any witness or offer
21 any exhibit in its case in chief that is not disclosed at
22 pretrial, without leave of Court and for good cause.
23    Lead trial counsel for each party shall meet and confer
24 in an effort to resolve all disputes regarding anticipated
25 testimony, witnesses and exhibits.  All <u>Daubert</u> motions,
26 motions *in limine*, and objections will be heard at the
27 pretrial conference.  Not less than eleven days prior to the
28 pretrial conference, the parties shall serve and file any

objections to witnesses or exhibits or to the qualifications of an expert witness.  Oppositions shall be filed and served not less than eleven days prior to the conference.  There shall be no replies.

Not less than twenty-one days prior to the pretrial conference the parties shall serve and file requested voir dire questions, jury instructions, and forms of verdict.  The following jury instructions from the *Manual of Model Civil Jury Instructions for the Ninth Circuit* (2007 ed.) will be given absent objection: 1.1C, 1.2, 1.6-1.14, 1.18, 1.19, 2.11, 3.1-3.3.  Do not submit a copy of these instructions.  Counsel shall submit a joint set of case specific instructions.  Any instructions on which the parties cannot agree may be submitted separately.  The Ninth Circuit Manual should be used where possible.  Each requested instruction shall be typed in full on a separate page with citations to the authority upon which it is based.  Proposed jury instructions taken from the Ninth Circuit Manual need only contain a citation to that source.  Any modifications made to proposed instructions taken from a manual of model instructions must be clearly indicated.  In addition, all proposed jury instructions should conform to the format of the Example Jury Instruction attached to this Order.  Not less than eleven days prior to the pretrial conference, the parties shall serve and file any objections to separately proposed jury instructions.

Jury instructions that the Court has given in prior cases may be downloaded from the Northern District website at **http:\\www.cand.uscourts.gov**.  (Instructions are located on

the "Judge Information" page for Magistrate Judge Zimmerman). The Court will generally give the same instructions in cases involving similar claims unless a party establishes, with supporting authorities, that the instruction is no longer correct or that a different instruction should be given.  CACI instructions generally will be given instead of BAJI instructions.

    A copy of all pretrial submissions, except for exhibits, shall be e-mailed in WordPerfect or Word format to the following address: bzpo@cand.uscourts.gov.

    At the time of filing the original with the Clerk's Office, two copies of all documents (but only one copy of the exhibits) shall be delivered directly to Chambers (Room 15-6688).  Chambers' copies of all pretrial documents shall be three-hole punched at the side, suitable for insertion into standard, three-ring binders.

Dated: March 23, 2010

                                            _____
                                            Bernard Zimmerman
                                     United States Magistrate Judge

**ATTACHMENT 1**

The parties shall file a joint pretrial conference statement containing the following information:

(1) **The Action.**

    (A) Substance of the Action. A brief description of the substance of claims and defenses which remain to be decided.

    (B) Relief Prayed. A detailed statement of each party's position on the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

(2) **The Factual Basis of the Action.**

    (A) Undisputed Facts. A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

    (B) Disputed Factual Issues. A plain and concise statement of all disputed factual issues which remain to be decided.

    (C) Agreed Statement. A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

    (D) Stipulations. A statement of stipulations requested or proposed for pretrial or trial purposes.

(3) **Trial Preparation.**

A brief description of the efforts the parties have made to resolve disputes over anticipated testimony,

7

exhibits and witnesses.

    (A)  Witnesses to be Called. In lieu of FRCP 26(a)(3)(A), a list of all witnesses likely to be called at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given.

    (B)  Estimate of Trial Time. An estimate of the number of court days needed for the presentation of each party's case, indicating possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

    (C)  Use of Discovery Responses. In lieu of FRCP 26(a)(3)(B), cite possible presentation at trial of evidence, other than solely for impeachment or rebuttal, through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission. Counsel shall state any objections to use of these materials and that counsel has conferred respecting such objections.

    (D)  Further Discovery or Motions. A statement of all remaining motions, including <u>Daubert</u> motions.

  (4) **Trial Alternatives and Options.**

    (A)  Settlement Discussion. A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

    (B)  Amendments, Dismissals. A statement of requested or proposed amendments to pleadings or dismissals of

8

                parties, claims or defenses.

       (C)   Bifurcation, Separate Trial of Issues. A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

(5) **Miscellaneous.**

Any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

**ATTACHMENT 2**

| **USDC** <br> Case No. CV09-04784 BZ <br> **JOINT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV09-04784 BZ <br> **JOINT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
|---|---|
| **USDC** <br> Case No. CV09-04784 BZ <br> **JOINT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV09-04784 BZ <br> **JOINT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
| **USDC** <br> Case No. CV09-04784 BZ <br> **PLNTF** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV09-04784 BZ <br> **PLNTF** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
| **USDC** <br> Case No. CV09-04784 BZ <br> **PLNTF** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV09-04784 BZ <br> **PLNTF** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
| **USDC** <br> Case No. CV09-04784 BZ <br> **DEFT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV09-04784 BZ <br> **DEFT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |
| **USDC** <br> Case No. CV09-04784 BZ <br> **DEFT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ | **USDC** <br> Case No. CV09-04784 BZ <br> **DEFT** Exhibit No. _____ <br><br> Date Entered _____ <br><br> Signature _____ |